[868 NYS2d 900]

In the Matter of DONNAHUE G. GEORGE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 16, 2008

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated March 27, 2008, the respondent was suspended, pursuant to 22 NYCRR 691.4 (l) (1) (i), upon a finding that he was guilty of serious professional misconduct immediately threatening the public interest based upon his failure to comply with the lawful demands of the Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee), the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent, and the issues raised were referred to the Honorable Herbert Altman as Special Referee to hear and report.

Pursuant to this Court's decision and order on motion dated March 27, 2008, the respondent was directed to submit an answer to the petition within 20 days after service upon him of a copy of that order. The order was served on the respondent on April 2 and April 3, 2008, in the manner designated by the order to show cause dated January 17, 2008, by mailing copies to the address at which he is registered with the Office of Court Administration, the address on his driver's license and vehicle registration, and the address where his wife currently resides, and by affixing copies to the front door of each of those residences.

The petition contains one charge of professional misconduct alleging that the respondent failed to cooperate with three investigations into allegations of his professional misconduct. Notwithstanding efforts to effect service upon the respondent as authorized by this Court in the order to show cause dated January 17, 2008, the respondent has failed to file an answer as directed by the Court's decision and order on motion dated March 27, 2008. Accordingly, he is in default and the charge against him must be deemed established (see Matter of Anello, 228 AD2d 1 [1996]).

The Grievance Committee thereupon moves for an order adjudicating the respondent in default, deeming the charge established, and directing that the respondent, a suspended attorney, be disciplined upon the charge set forth in the petition. Although served with this motion by mailing copies to the three aforementioned residences and affixing copies to the front door of each of those premises, the respondent failed to reply.

Significantly, the respondent failed to submit any opposition to the Grievance Committee's earlier motion, inter alia, to suspend him. He is, thus, in default.

Accordingly, the Grievance Committee's motion is granted, the charge contained in the petition is deemed established and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and BALKIN, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Donnahue G. George, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Donnahue G. George, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, the respondent, Donnahue G. George, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Donnahue G. George, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).